HAYNES, Circuit Judge,
dissenting:
I respectfully dissent from the (implicit) decision not to certify this question to the Mississippi Supreme Court pursuant to Mississippi Rule of Appellate Procedure 20 which provides for certification where “there may be involved in any proceeding before [us] questions or propositions of law of this state which are determinative of all or part of [our case] and there are no clear controlling precedents in the decisions of the Mississippi Supreme Court.” Miss. R.App. P. 20(a). The majority opinion correctly states that this case involves interpretation of a statute that has “never been applied in any reported decision by the Mississippi courts.” Op. at 900. Thus, it clearly meets Rule 20’s requirement.
Of course, both the decision to certify a question and the acceptance of a certified question are discretionary matters in each court. Patterson v. Mobil Oil Corp., 335 *903 F.3d 476, 487 (5th Cir.2003). In previous decisions, we have outlined factors to guide us in determining whether to exercise that discretion: (1) the closeness of the question; (2) the existence of sufficient sources of state law on the question “to allow a principled rather than conjectural conclusion”; (3) considerations of comity, such as the importance of the issue to the state; and (4) the practical limitations of the certification process, such as unnecessary delay and a possible inability to frame the question so as to produce a helpful response. Williamson v. Elf Aquitaine, Inc., 138 F.3d 546, 549 (5th Cir.1998).
This case presents a close question. While the majority opinion’s approach is plausible, I am concerned with the imperfect analogies to workers’ compensation insurance in construing “arising out of’ and to judicial immunity in construing the breadth of immunity granted. I am also concerned that the majority opinion’s approach takes a concept of insurance interpretation (where coverage is always construed in favor of the insured[1]) and plugs it into a completely unrelated statute. Further, the majority opinion’s interpretation of Section 9-19-29 completely reads out “the performance of’ from the section.
Under the majority opinion, anything that has some “causal connection” to Lampton’s “official duties” such that those duties “rationally contributed to” the event in question is protected by immunity. Of course, that would cover everything Lamp-ton does with the information he learned through his “official duties” regardless of whether it relates to “the performance of’ those duties. Had Lampton learned the same confidential information as a member of the Commission and then walked down to the local pub and started telling what he knew to the other patrons, that conduct would have some “causal connection” to his work on the Commission because without that work, he never would have known the information. Yet I doubt anyone would say he should be or is entitled to immunity for such conduct.
Instead, I think the phrase “the performance of’ acts a limitation on “arising out of.” Here, the decision to file a preemptive declaratory judgment action came after he left the Commission to protect himself personally.[2] It was not in any way a part of the performance of his official duties and is only causally linked to those duties by the fact that he would not have known the information he revealed if he had not been on the Commission.
The majority opinion posits that the failure to extend immunity to this situation would lead to the absurd result that the Diazes could sue Lampton, and he would *904 not be able to assert immunity as a defense. I respectfully disagree. If the Diazes filed a complaint and said “you did X and Y,” whatever secrets revealed there would be their doing, not that of Lampton. He would then be able to say “I did the things alleged in paragraphs 1-10 as a member of the Commission and, therefore, claim immunity” without having to reveal any new information or confidences. I offer this analysis not to suggest that we should affirm the district court, but rather to show that the question is not a simple one but a close one.
As far as the second factor, I submit that the majority opinion shows an absence of state law sources to make anything other than a guess at Mississippi law. The cases cited actually come out the opposite to that of the majority opinion, though I agree that they are distinguishable. Workers’ compensation law, as mentioned above, is not the same as immunity for Commission members. While judicial immunity may be broadly construed, there is nothing to require that this broad construction spill over to Commission members. Thus, we are left with little upon which to base an opinion.
Turning to “considerations of comity,” the disciplining of judges and, by extension, protection for those who are charged with that duty, is the province of the sovereign who gave the judge his or her power in the first place. Cf. Landmark Commc’ns v. Virginia, 435 U.S. 829, 848, 98 S.Ct. 1535, 56 L.Ed.2d 1 (1978) (Stewart, J., concurring in the judgment) (“There could hardly be a higher governmental interest than a State’s interest in the quality of its judiciary.”). Although one could argue that the absence of any cases construing this statute means that the statute is not important (although that would be true, then, of any question we certify), the majority opinion suggests that the question is an important one. Indeed, this case deals with balancing protection of Commission members from suit against protection of those investigated by the Commission from breaches of their confidentiality. Further, if the majority opinion is viewed as an authoritative construction of the phrase “arising out of’ outside the insurance context, certainly there are many statutes using this language. Thus, it could have an impact outside this particular context.
Finally, I do not see any undue delay created by certification. Nor do I think the question is particularly difficult to frame: Does the immunity provided by Section 9-19-29 protect the action of a former Commission member of revealing confidential information in a declaratory judgment he filed of public record not under seal?
Accordingly, I respectfully dissent from the decision not to certify this question.

. Architex Ass’n, Inc. v. Scottsdale Ins. Co., 27 So.3d 1148, 1157 (Miss.2010); Meyers v. Am. States Ins. Co., 914 So.2d 669, 676 (Miss. 2005).

. The majority opinion’s suggestion that a declaratory judgment is some sort of absolute right and the appropriate response every time one is threatened with a lawsuit is misplaced and not supported by the cases cited. See Wilton v. Seven Falls Co., 515 U.S. 277, 287, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) (The Supreme Court has "repeatedly characterized the Declaratory Judgment Act as 'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.’ ” (internal citation omitted)). In Babbitt, the question was whether one could challenge the constitutionality of a criminal statute without first being charged with violating it. 442 U.S. at 298, 99 S.Ct. 2301. In Cardinal Chemical, the issue was whether the validity of a patent could be adjudicated without a pre-existing suit for infringement. 508 U.S. at 95-96, 113 S.Ct. 1967. In both cases, the declaratory judgment was needed to address the propriety of ongoing conduct, not merely head off a lawsuit. Filing a lawsuit to assert one's right not to be sued makes little sense under the facts here and is certainly not an absolute right.